

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00836-CV

**IN RE** Sufian **KHALAF**

Original Mandamus Proceeding[1]

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: March 11, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Sufian Khalaf, filed a petition for writ of mandamus on December 29, 2025. Khalaf challenges the trial court's order denying his motion for a bifurcated trial pursuant to Texas Civil Practice and Remedies Code section 72.052. We conditionally grant the petition.

### BACKGROUND

Following a collision between real party in interest Linda Lattimer and a commercial tractor trailer operated by Khalaf, Lattimer sued Khalaf and his alleged employer Evans Delivery Company. Lattimer brought claims for "negligence and/or gross negligence" and sought punitive

---

[1] This proceeding arises out of Cause No. 2025CI01932, styled *Linda Lattimer v. Evans Delivery Company Inc., and Sufian Khalaf*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

damages against both defendants. Lattimer alleges that Khalaf "was driving [Evans Delivery Company's] commercial motor vehicle and failed to yield the right of way when he turned right from the left lane in front of [Lattimer]'s vehicle, thereby causing a collision" resulting in Lattimer's injuries. Khalaf answered the lawsuit on June 5, 2025. In his answer, Khalaf included his initial request for a bifurcated trial, pursuant to section 72.052, such that consideration of compensatory and exemplary damages would be determined separately. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 72.052(c), (d).

Khalaf filed his motion to bifurcate on September 24, 2025. On November 5, 2025, the trial court heard Khalaf's motion. Lattimer orally opposed the motion because it was "filed by the Defendant driver, not by Defendant Evans Delivery [Company], who is the employer Defendant," so it was "not filed by the proper defendant and therefore is untimely." The trial court orally denied Khalaf's motion, and on December 7, 2025, issued a written order denying the motion.

On December 29, 2025, Khalaf filed this mandamus petition requesting an order directing the trial court to vacate its order denying Khalaf's motion to bifurcate and to compel the trial court to grant his motion.

## STANDARD OF REVIEW

To be entitled to mandamus relief, "a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion…." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it "fails to properly apply a statutory requirement," *In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) (orig. proceeding), because "[a] trial court has no discretion to misapply the law," *Tex. Educ. Agency v.*

*Houston Indep. Sch. Dist.*, 660 S.W.3d 108, 116 (Tex. 2023). To hold that a trial court has abused its discretion, the court must determine that the trial court's actions were either "arbitrary or unreasonable" or "without reference to any guiding principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Even when the law is unsettled, the determination of what the law is or its application to the facts is not within the trial court's discretion. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A party may lack an adequate remedy by appeal where mandamus review is "essential to preserve important substantive and procedural rights from impairment or loss…." *Id*. at 136.

## ANALYSIS

### A. ABUSE OF DISCRETION

This proceeding concerns construction of a statute, which is a question of law we review de novo. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Although the "overriding goal of statutory construction is to discern the Legislature's intent, we identify that intent by looking to the statute's plain language." *RSS MSBAM2014C17-TX HAH, LLC. v. Houston Airport Hosp. LP*, No. 01-21-00042-CV, 2024 WL 3995434, at *21 (Tex. App.—Houston [1st Dist.] Aug. 30, 2024, no pet.) (mem. op.) (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam); et al.). "'If the statute is clear and unambiguous, we must apply its words according to their common meaning without resort[ing] to rules of construction.'" *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 20 (Tex. 2016) (quoting *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)).

Khalaf argues that the trial court abused its discretion in denying his motion to bifurcate because section 72.052 imposes a mandatory duty that the trial court ignored. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 72.052. Section 72.052(a) provides that the trial court "shall provide for a

bifurcated trial under this section" "on motion by a defendant." *Id.* § 72.052(a). The Texas Supreme Court "generally construe[s] the word 'shall' as mandatory, unless legislative intent suggests otherwise." *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam). *See In re City of Galveston*, 622 S.W.3d 851, 857 (Tex. 2021) (orig. proceeding) ("The use of the word 'shall' in a statute 'evidences the mandatory nature of the duty imposed.'") (citing *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 582 (Tex. 2018)). "Because the Legislature used the imperative word 'shall,'" *In re Doe*, 19 S.W.3d 249, 255 (Tex. 2000) (citing TEX. GOV'T CODE ANN. § 311.016(2)), the trial court was required to grant Khalaf's motion to bifurcate, provided the motion was a "motion by a defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 72.052(a);. The parties contest whether the motion meets this requirement.

Lattimer argues that Khalaf's motion was not a "motion by a defendant" because Khalaf's motion was "filed by the Defendant driver, not by Defendant Evans Delivery [Company], who is the employer Defendant," so it was "not filed by the proper defendant and therefore is untimely." Khalaf contends that section 72.052(a) does not make this distinction between defendant drivers and defendant employers.

We hold that the plain language of chapter 72 confirms the Legislature's intent to allow a motion to bifurcate to be filed by a defendant driver, such as Khalaf. When construing a statute, we "must read the statute as a whole and not just isolated portions." *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Section 72.052 is contained within a subchapter on "Actions Regarding Commercial Motor Vehicles." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 72.051–.055. Section 72.051 provides definitions used in the subchapter, and defines "civil action" to mean "an action in which a claimant seeks recovery of damages for bodily injury or death caused in a collision," and in which "a defendant: (i) operated a commercial motor

vehicle involved in the collision; or (ii) owned, leased, or otherwise held or exercised legal control over a commercial motor vehicle or operator of a commercial motor vehicle involved in the collision." TEX. CIV. PRAC. & REM. CODE. ANN. § 72.051(2). Although, chapter 72 does not directly define "defendant," the definition of "civil action" suggests the Legislature's intent that chapter 72 apply to both vehicle drivers and vehicle owners. *See id.*

Beyond definitions, section 72.052(a) makes no distinction between defendant drivers and defendant owners or employers. Section 72.052(a) states: "In a civil action under this subchapter, on motion *by a defendant*, the court shall provide for a bifurcated trial under this section." TEX. CIV. PRAC. & REM. CODE § 72.052(a) (emphasis added). Based upon this plain language, we cannot construe the statute to provide the distinction between defendant drivers and defendant employers that Lattimer proposes. *See In re Sw. Motor Transp., Inc.*, No. 01-24-00902-CV, 2024 WL 5160633, at *3 (Tex. App.—Houston [1st Dist.] Dec. 19, 2024, orig. proceeding) (mem. op.) ("Section 72.052 refers to 'the defendant' in subsection (a) but does not differentiate between the employer defendant and the employee-driver defendant.").

Lattimer also directs us to section 72.054(a), which provides:

(a) Except as provided by Subsection (d),[1] in a civil action under this subchapter, an employer defendant's liability for damages caused by the ordinary negligence of a person operating the defendant's commercial motor vehicle shall be based only on respondeat superior if the defendant stipulates, within the time provided by Section 72.052 for filing a motion to bifurcate, that, at the time of the collision, the person operating the vehicle was:

(1) the defendant's employee; and

(2) acting within the scope of employment.

---

[1] Subsection (d) is only relevant after an action is bifurcated.

TEX. CIV. PRAC. & REM. CODE ANN. § 72.054(a). Lattimer argues that Khalaf did not meet the requirements of section 72.054(a) and is "therefore not entitled to the statutory protections offered by Chapter 72". However, section 72.054(a) does not, by its terms, limit section 72.052; it only incorporates the same deadline for an employer stipulation as for a motion to bifurcate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 72.054(a). Either alone or in context, section 72.054(a) does not impose a limit on the type of defendant who may file a section 72.052(a) motion to bifurcate.

Therefore, under a plain reading of the statute as a whole and within its statutory context, we construe section 72.052(a) to encompass driver defendants, such as Khalaf, who may file a motion to bifurcate. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 72.052(a); *BCCA Appeal Grp.*, 496 S.W.3d at 20. *See also Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) ("This Court may not impose its own judicial meaning on a statute by adding words not contained in the statute's language.").

Last, Lattimer argues that despite any plain-language construction to the contrary, we must limit motions to bifurcate to employer defendants because, "it would be nonsensical for the employee defendant to make the Chapter 72 election, because it provides them no benefit." While statutory terms may be given different meanings if common meanings lead to absurd results, "[t]he absurdity safety valve is reserved for truly exceptional cases, and mere oddity does not equal absurdity." *Combs v. Health Care Services Corp.*, 401 S.W.3d 623, 630 (Tex. 2013). We disagree that a plain reading of section 72.052(a) leads to an absurd result because bifurcation could benefit a driver defendant by splitting the matter of exemplary damages from the matter of compensatory damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 72.052(c), (d).

In sum, we hold that the trial court abused its discretion by denying Khalaf's motion for a bifurcated trial pursuant to section 72.052(a) because bifurcation was mandatory upon Khalaf's

timely filing of a motion to bifurcate. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 72.051, 72.052(a); *In re Doe*, 19 S.W.3d at 255. By declining to bifurcate the compensatory damages and exemplary damages phases of trial under section 72.052, the trial court "fail[ed] to properly apply" the statutory requirement and thus abused its discretion. *In re Gonzales*, 619 S.W.3d at 261.

## B. ADEQUATE REMEDY BY APPEAL

The Texas Supreme Court has held that, when a bifurcated trial is improperly denied, the party seeking bifurcation "lacks an adequate appellate remedy for the 'time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 878 (Tex. 2021) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 136). Under this authority, we hold that Khalaf lacks an adequate remedy by appeal. *See id.*

## CONCLUSION

We conclude the trial court abused its discretion by denying Khalaf's motion for bifurcated trial pursuant to section 72.052. Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its November 7, 2025 order and enter an order granting Khalaf's motion for bifurcated trial. The writ will issue only if we are notified that the trial court has failed to do so.

Lori Massey Brissette, Justice